FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 SEP 19 PM 3:57

CLERK C Reynolds
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ALFONSO D'ANTIGNAC, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 104-117 |
| ) | (Formerly CR 103-003) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Alfonso D'Antignac, Jr., an inmate currently incarcerated at the Federal Correctional Institution in Cumberland, Maryland, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the following reasons, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the United States of America ("the Government").

### I. BACKGROUND

On January 9, 2003, a federal grand jury returned an indictment naming Petitioner along with three (3) co-defendants. See United States v. D'Antignac, CR 103-003, doc. no. 1 (S.D. Ga. Jan. 9, 2003)(hereinafter "CR 103-003")). Petitioner was charged with conspiracy (21 U.S.C. § 371), making false statements in the acquisition of firearms (18 U.S.C. § 924(a)(1)(A)), and transferring firearms by a non-dealer to a non-resident (18 U.S.C. § 922(a)(5)). (Id.). Petitioner pled guilty to one count of conspiracy and one count

of making false statements in the acquisition of firearms.[1] CR 103-003, doc. nos. 54, 55; see also Rule 11 Tr., p. 4. This Court sentenced Petitioner to concurrent terms of twenty-seven (27) months of imprisonment as to each count on September 10, 2003. CR 103-003, doc. no. 63. Petitioner did not seek a direct appeal.

Instead, Petitioner timely filed the instant § 2255 motion. (Doc. no. 1.). Petitioner argues that he was sentenced in violation of the Sixth Amendment under the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), as explained by Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), when the Court applied various enhancements in calculating his sentence under the Federal Sentencing Guidelines ("Guidelines").[2] (Doc. no. 2, pp. 3-14). In response, the Government argues that Petitioner procedurally defaulted his Blakely claims by failing to raise an Apprendi argument at sentencing or in a direct appeal. (Doc. no. 4, pp. 4-5). The Government also notes that Blakely is not retroactively applicable to case on collateral review such as the instant case. (Id. at 5-9). The Court resolves the matters as follows.

## II. DISCUSSION

**A.   Petitioner's Claims are Procedurally Barred.**

As correctly noted by the Government, the failure to raise a claim before the district

---

[1] The negotiated plea agreement did not contain an appeal waiver. See generally, CR 103-003, doc. no. 55.

[2] These enhancements can be described briefly. First, Petitioner's offense level was increased by four levels pursuant to USSG §2K2.1(b)(1)(B) because his offense involved between eight and twenty-four (24) firearms. See Presentence Investigation Report ("PSI") ¶ 19. Next, an additional two level enhancement was applied because a firearm with an obliterated serial number was seized by agents at the time of Petitioner's arrest. PSI ¶ 20. Finally, Petitioner's offense level was increased by two levels pursuant to USSG § 3B1.1(c) based on his role in the offense as an organizer, leader, manager, or supervisor. PSI ¶ 22.

2

court or on direct appeal will bar the claim from consideration on collateral review: "Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a § 2255 challenge."[3] United States v. Montano, 398 F.3d 1276, 1279-80 (11th Cir. 2005)(*per curiam*)(citing Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994)). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." Mills, 36 F.3d at 1055. Furthermore, alleged errors concerning the Guidelines are not generally cognizable on collateral attack. Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995) (*per curiam*). "Because a defendant has the right to directly appeal a sentence pursuant to the Sentencing Guidelines, the defendant is precluded from raising Guidelines issues in collateral proceedings under § 2255." Martin v. United States, 81 F.3d 1083, 1084 (11th Cir. 1996). In sum, Petitioner may not use this collateral attack as "a surrogate for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004)(citation omitted).

A procedural bar or default cannot be overcome unless the § 2255 movant "can demonstrate a cause for this default and show actual prejudice suffered as a result of the alleged error." Montano, 398 F.3d at 1280. "In the alternative, a defendant can also overcome the procedural bar created by the failure to appeal if he could [sic] show a fundamental miscarriage of justice; 'in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural

---

[3] As discussed *infra*, ineffective assistance of counsel claims are excepted from the procedural default rule. See Massaro v. United States, 538 U.S. 500, 509 (2003).

3

default.'" Id. (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)).

Petitioner's proposed Apprendi/Blakely claims, which were available to him at the time he was convicted, are not excepted from the procedural default rules. See United States v. Levy, 379 F.3d 1241, 1243 n.3 (11th Cir. 2004)(*per curiam*)(refusing to consider Blakely claim not raised in initial brief on appeal); McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001)(explaining that the failure to raise Apprendi claim on direct appeal procedurally bars a § 2255 movant from bringing the claim on collateral attack) . Of note, the Eleventh Circuit has held that Apprendi-type errors are not jurisdictional defects, and can be defaulted. McCoy, 266 F.3d at 1249-50 ; see also United States v. Anderson, 289 F.3d 1321, 1326 (11th Cir. 2002), *cert. denied* 537 U.S. 1195 (2003)("Apprendi errors are neither jurisdictional nor structural."). Neither does an alleged Apprendi error show a miscarriage of justice or "raise the spectre of actual innocence." McCoy, 266 F.3d at 1257 n.16. Apprendi presented a new rule of criminal *procedure*--it did not make Petitioner's conduct "not criminal;" thus, "actual innocence" is not an issue in this case. Id. Simply put, Petitioner's failure to raise an Apprendi claim on appeal bars him from bringing such a claim on collateral attack. Id. at 1258-59.

Of course, Petitioner argues that he should be allowed to circumvent the procedural bar by suggesting that his counsel was constitutionally ineffective for failing to raise the Apprendi issue.[4] (Doc. no. 1, p. 5, doc. no. 2, pp. 7, 12-13). It is true that ineffective

---

[4]It should perhaps be noted that Petitioner does not argue that his counsel refused or failed to pursue an appeal despite instructions to do so by Petitioner. (See generally, doc. nos. 1 & 2). Petitioner only maintains that counsel should have made certain arguments at sentencing and should have pursued an appeal.

4

assistance of counsel claims are excepted from the general procedural default rules explained above. Lynn, 365 F.3d at 1234 n.17 (citing Massaro v. United States, 530 U.S. 500 (2003)). However, ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1994), which is not a favorable standard. Massaro, 538 U.S. at 505.

First, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. In applying this test, reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance[.]" Strickland, 466 U.S. at 689; see also Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing "that petitioner was not entitled to error-free representation"). "A petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Second, Petitioner must establish prejudice by showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. In the context of a guilty plea, the Court must normally inquire as to whether counsel's performance affected the outcome of the plea process. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Here, however, Petitioner is not challenging the validity of his guilty plea, but simply alleges that his counsel acted unreasonably in failing to raise an Apprendi argument at sentencing or on appeal.

In applying the Strickland components outlined above, "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the

5

defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985). Under the prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome . . . ." Id. at 616 (citing Strickland, 466 U.S. at 694-95). For as the Eleventh Circuit has ruled, an affirmative showing of prejudice that would undermine the results of the proceedings is necessary because "'attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004).

"Given the strong presumption in favor of competence, the petitioner's burden of persuasion--though the presumption is not insurmountable--is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). As the Eleventh Circuit has succinctly stated, "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*). "[C]ases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Id. at 1511.

Because determining whether Petitioner suffered prejudice hinges upon the validity

of the underlying claims, see Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990), the Court will review the merits of the claims which form the basis for Petitioner's claims of ineffective assistance of counsel.

Unfortunately for Petitioner, his counsel's failure to bring an Apprendi challenge to his Guideline sentence--imposed in 2003, well before Blakely or the Supreme Court's more recent decision in Booker v. United States, __ U.S. __, 125 S. Ct. 738 (2005), which applied Blakely to the Guidelines, had been announced--did not amount to ineffective assistance of counsel. See McCoy, 266 F.3d at 1258-59 ("[R]easonable defendants and lawyers could well have concluded it would be futile to raise the [Apprendi] issue."). First, the plea agreement expressly informed Petitioner that a PSI would be prepared and that the Court would consider all relevant conduct and facts:

> The defendant further advises the Court that the defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court, and that the U.S. Probation Office will consider all of defendant's conduct related to the offenses to which he is pleading, as well as the defendant's criminal history, and that these facts will be considered by the Court in determining the defendant's sentence. The defendant understands that the offense level and criminal history category determined by the United States Probation Office and the Court may differ from that estimated or projected by defendant's counsel or the United States Attorney.
>
> **The defendant advises the Court that the defendant understands that if the relevant conduct, guideline sentencing range, or sentence imposed by the Court is more or greater than the defendant expected or, in the case of relevant conduct, is found to be more extensive than the defendant has admitted to, the defendant will still have no absolute right to withdraw his guilty plea.**

CR 103-003, doc. no. 55, pp. 7-8. Thus, Petitioner cannot now complain that the Court's consideration of relevant conduct at sentencing violated his plea agreement. Nor did

Petitioner's counsel have any basis for an objection at sentencing, as the Court was simply following the procedure contemplated by the plea agreement.[5]

Moreover, at the time Petitioner was sentenced, the rule in the Eleventh Circuit was that Apprendi did not apply to sentence enhancements under the Guidelines: "Because Apprendi only addresses facts that increase the penalty for a crime beyond the statutory maximum, it does not apply to those findings that merely cause the guideline range to shift within the statutory range." United States v. Sanchez, 269 F.3d 1250, 1262 (11th Cir. 2001) (*en banc*).[6] Here, the relevant conduct considered by the Court did not increase Petitioner's penalty beyond the applicable statutory maximum of 5 years of imprisonment as to both counts. See CR 103-003, doc. no. 2; Rule 11 Tr., pp. 6, 8. Thus, Petitioner's counsel would have had little basis for an Apprendi challenge under the then-existing decisional law.

---

[5]Petitioner does not argue that he did not enter into this agreement knowingly and voluntarily. Nor could he. In addition to signing the agreement, at the Rule 11 colloquy Petitioner averred under penalty of perjury that he both understood and assented to the terms of the above-quoted plea agreement. Rule 11 Transcript ("Tr.") p. 12. In addition, it should be noted that at sentencing the Court gave Petitioner an opportunity to raise any objection to the contents of the PSI--Petitioner explicitly declined to raise any objection. Sentencing Tr., p. 5. After sentence was imposed, the Court again gave Petitioner opportunity to object to the Court's "findings of fact, conclusions of law, or to the manner in which sentence was imposed;" Petitioner raised no objections. Id. at 34.

[6]Under Apprendi, any fact, other than a prior conviction, which increases the penalty for a crime beyond the "statutory maximum" must be submitted to a jury and proven beyond reasonable doubt. Apprendi, 530 U.S. at 490. In Blakely, the Supreme Court explained that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant,*" thus calling into doubt the Eleventh Circuit's reasoning in cases like Sanchez, cited above. Blakely, 542 U.S. at __, 24 S. Ct. at 2537. Of course, Sanchez and like-minded cases were ultimately overturned when the Supreme Court applied Blakely to the Guidelines in Booker, __ U.S. __, 125 S. Ct. 738 (2005).

Indeed, the controlling Eleventh Circuit precedent at the time of Petitioner's sentencing had squarely foreclosed any argument that Apprendi precluded judicial consideration of relevant conduct under the Sentencing Guidelines. See United States v. Harris, 244 F.3d 828, 830 (11th Cir. 2001); United States v. Gallego, 247 F.3d 1191, 1201 (11th Cir. 2001). Even after Blakely was decided, it remained the law in the Eleventh Circuit that district courts were obliged to follow the Guidelines and that Apprendi and Blakely did not impact Guideline sentencing. See, e.g., United States v. Reese, 397 F.3d 1337, 1337 (11th Cir. 2005)(explaining that, prior to Booker, rule in the Eleventh Circuit was that "Blakely did not apply to the Federal Sentencing Guidelines").

Thus, although an Apprendi challenge was certainly available at sentencing, the merits of such a claim would have appeared dubious before Booker was decided earlier this year. Therefore, the failure to raise an Apprendi/Blakely-type error at sentencing or on direct appeal hardly evinces that counsel was unreasonable nor incompetent. In sum, Petitioner has not shown that he received ineffective assistance of counsel so as to overcome the procedural bar.[7] His claims are not properly before the Court, and the merits need not be reached.

**B.**   **Blakely Error Not Cognizable on Collateral Attack.**

Regardless, even if Petitioner has not procedurally defaulted on his claims, his substantive Blakely claims cannot afford him relief in this § 2255 proceeding. Neither

---

[7] Of course, Petitioner may argue that if counsel was not unreasonable or ineffective in failing to raise an Apprendi argument, the perceived futility of making such an argument at the time should constitute cause for the default. Unfortunately for Petitioner, this argument has been explicitly foreclosed by the Eleventh Circuit: "[P]erceived futility does not constitute cause to excuse a procedural default." McCoy, 266 F.3d at 1259.

9

Blakely nor its descendant, Booker--decided on June 24, 2004, and January 12, 2005, respectively--apply retroactively to cases on collateral review. See Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005)(*per curiam*)(Blakely and Booker do not apply retroactively to § 2255 petition.); In re Anderson, 396 F.3d 1336, 1340 (11th Cir. 2005)(same); In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004)(Blakely does not apply retroactively to cases on collateral review.). In sum, none of Petitioner's claims are properly before the Court, and the instant § 2255 motion must be denied.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Government.

SO REPORTED and RECOMMENDED on this 19th day of September, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE